UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>WILLIAM AARON ASPER, INDIVIDUALLY AND AS TRUSTEE OF THE WILLIAM AARON ASPER IRREVOCABLE LIVING TRUST DATED AUGUST 1, 2005, AND REPSA ENTERPRISES, LLC,<br><br>               Defendant. | Civil Action No. 25-cv-13856<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, the United States of America (the "United States"), alleges as follows:

1. For almost a decade, Defendant William "Aaron" Asper has owned and/or managed more than twenty residential rental properties in and around the Eastern District of Michigan, where he has sexually harassed his female tenants. Defendant Asper's method of harassment has taken many forms over the years, but typically culminates in his refusal to make necessary repairs to his female tenant's homes or his threatening and/or filing evictions against his female tenants, when they have refused to give into his demands for sex.

2. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act").

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' claims occurred in the Eastern District of Michigan.

**DEFENDANT AND SUBJECT PROPERTY**

5.  Defendant William "Aaron" Asper resides in Canton Township, in the Eastern District of Michigan, and is trustee of the William Aaron Asper Irrevocable Living Trust ("Trust"), dated August 1, 2005.

6.  Defendant REPSA Enterprises, LLC ("REPSA") is a Michigan limited liability company that does business in the Eastern District of Michigan.

7.  During all or part of the period of time relevant to this action, Defendants have owned and/or managed at least twenty-three (23) residential rental properties ("Subject Properties") in Michigan, the majority of which are located in the Easter District of Michigan.

8.  The Subject Properties include duplex style homes as well as multi-unit apartment style buildings.

9.  The Subject Properties include, but are not limited to, the following properties located in Westland, Michigan: 33012 and 33014 Akron Street; 33121 and 33123 Alberta Street; 31829 and 31831 Bay Court; 31829 and 31831 Bay Court; 33312 and 33314 Belding Court; 32046 and 32048 Cheboygan Court; 34204 and 34206 Dayton Court; 34228 and 34230 Dayton Court; 34232 and 34234 Dayton Court; 34104 and 34106 Decatur Court; 2316 and 2318 Deerfield Court; 2335 and 2337 Deerfield Court; 2336 and 2338 Deerfield Court; 2103, 2105, 2107, and 2109 Elbridge Court; 2204, 2206, 2208, and 2210 Ellsworth Street; 2119, 2121, 2123, and 2125 Emerson Street; and 31913 and 31915 Roscommon Street. The Subject Properties also include the following properties in Monroe, Michigan: 801 E. 4th Street; 1017 E. 4th Street; 219 Almyra Avenue; and 102 Winchester Street. The Subject Properties also include 916 North Monroe Street in Carleton, Michigan and 28340 Leroy Street in Romulus, Michigan.

10. The Subject Properties are all "dwellings" within the meaning of 42 U.S.C. § 3602(b).

11. At all times relevant to this action, Defendant Asper has actively participated in the daily management of the Subject Properties, including, but not limited to: advertising for units; showing units to prospective tenants; accepting and approving tenant applications; signing leases; collecting rent; receiving maintenance requests; making repairs; communicating with tenants regarding late rental payments; and, initiating eviction proceedings.

12. Beginning in or around 2021, Defendant REPSA and the Trust became the owners of the Subject Properties. Defendant Asper thereafter was retained to act, and acted, as Defendant REPSA's agent and the Trust's agent to manage the Subject Properties. Defendant Asper had and exercised the actual or apparent authority to receive tenant applications, to accept or reject prospective tenants, to set rates for rent, fees and security deposits, to collect rents and fees, to accept requests for and to make repairs in tenants' housing, to seek to evict tenants for the Subject Properties, and to otherwise manage all aspects of the operation of the Subject Properties.

### **DEFENDANTS' DISCRIMINATORY HOUSING PRACTICES**

13. From approximately 2018 through 2025, Defendant Asper subjected multiple female tenants of the Subject Properties to discrimination on the basis of sex, including unwelcome and severe or pervasive sexual harassment. This conduct included, but was not limited to, the following categories of sexual harassment:

   a. Making unwelcome sexual comments and sexual advances;

   b. Exposing his genitalia to female tenants;

   c. Subjecting female tenants to unwelcome kissing and sexual touching, including touching them between their legs;

    d.  Offering to grant female tenants tangible housing benefits – such as lowering rent, or performing maintenance – in exchange for sexual acts; and

    e.  Taking adverse housing actions, such as initiating eviction actions or refusing to make repairs, or threatening to take such actions, against female tenants who objected to and/or refused sexual advances.

14.    For example, in or around 2019, Defendant Asper subjected a female tenant to repeated unwelcome and unwanted sexual comments, sexual propositions and unwelcome sexual contact. On multiple occasions, Defendant Asper told the tenant that there were "different ways" she could pay rent. On multiple occasions Defendant Asper touched the tenant without her consent, regularly pulling her hair, grabbing her buttocks and kissing her head. Defendant Asper regularly pulled his penis out of his pants in front of the tenant while at her home, often times while her young son was in the room. These actions made the female tenant anxious and scared in her own home and hesitant to complain because she did not want to lose her housing. After the female tenant told Defendant Asper in no uncertain terms that she would not have sexual relations with him, Defendant Asper stopped making repairs to her unit and eventually she was forced to move out.

15.    In another example, in or around 2024, Defendant Asper subjected a female tenant to repeated unwelcome sexual comments and unwelcome sexual contact. On multiple occasions, Defendant Asper asked the tenant about her sex life and if she was in a relationship. On one occasion, Defendant Asper grabbed the tenant by her arm and pulled her entire body into his chest, while she said "no" and pushed him away. The female tenant felt scared and unsafe following Defendant Asper's actions and filed a report with the police after he grabbed her. Defendant Asper later informed her that he would evict her because she complained to the police about his actions.

16. In another example, in approximately 2018, Defendant Asper subjected a female tenant to repeated unwelcome and unwanted sexual comments and sexual propositions. Defendant Asper told the female tenant that he was lonely, wanted someone to spend time with him, and asked if she would go to a hotel with him. Defendant Asper told the female tenant that if she did not engage in sexual relations with him, he would give her a 24-hour eviction notice. The female tenant told him "no," but did not feel safe living in Defendant Asper's unit so moved out shortly thereafter.

17. The experiences of the women described above in paragraphs 13-16 were not the only instances of Defendant Asper's sexual harassment of female tenants. Rather, they were part of Defendant Asper's pattern or practice of sexual harassment of multiple female tenants.

18. Defendant Asper's conduct described in this Complaint caused female tenants to suffer physical harm, fear, anxiety, and emotional distress, and interfered with their ability to secure and maintain rental housing for themselves and their families.

19. Defendant Asper's discriminatory housing practices, including those described above in Paragraphs 13-16 occurred within the scope of his agency relationship with Defendant REPSA and the Trust, and/or were aided by the existence of the agency relationship.

20. Defendant REPSA and Defendant Asper as Trustee of the Trust are vicariously liable for Defendant Asper's conduct.

## CAUSES OF ACTION

21. The United States realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 20 as if set forth here in full.

22. By the actions and statements described in the paragraphs above, Defendants have:

    a. Denied dwellings or otherwise made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

    b. Discriminated in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

    c. Made statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c); and

    d. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

23. Under 42 U.S.C. § 3614(a), Defendants' conduct constitutes:

    a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, and

    b. A denial to a group of persons of rights granted by the Fair Housing Act that raises an issue of general public importance.

24. Female tenants have been injured by Defendants' discriminatory conduct. These persons are "aggrieved persons" as defined in 42 U.S.C. § 3602(i) and have suffered damages as a result of Defendants' conduct.

25. Defendants' conduct was intentional, willful, and taken in reckless disregard of the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court enter an Order that:

a. Declares that the Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3619;

b. Enjoins the Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

    i. Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

    ii. Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

    iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

    iv. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of the Defendants' unlawful practices;

c. Awards monetary damages to each person aggrieved by the Defendants' discriminatory conduct, under 42 U.S.C. § 3614(d)(1)(B);

d. Assesses civil penalties against the Defendants to vindicate the public interest, under 42 U.S.C. § 3614(d)(1)(C); and

   e. Awards such additional relief as the interests of justice may require.

Dated: December 2, 2025

Respectfully submitted,

|  |  |
|---|---|
|  | PAMELA BONDI<br>Attorney General |
| JEROME F. GORGON JR.<br>United States Attorney<br>Eastern District of Michigan | HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division |
|  | CARRIE PAGNUCCO<br>Chief |
| *s/Michael El-Zein*<br>MICHAEL EL-ZEIN (P79182)<br>Assistant United States Attorney | *s/ Beth Frank*<br>TIMOTHY J. MORAN<br>Deputy Chief<br>BETH FRANK<br>Trial Attorney |
| Civil Rights Unit<br>United States Attorney's Office<br>Eastern District of Michigan<br>211 W. Fort Street, Suite 2001<br>Phone: (313) 226-9770<br>michael.el-zein@usdoj.gov | Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>150 M Street, NE, Suite 8.107<br>Washington, DC 20530<br>Phone: (202) 598-9258<br>beth.frank@usdoj.gov |
|  | *Attorneys for Plaintiff*<br>*United States of America* |